UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALVIN WHITESIDE,<br><br>Defendant. | CASE NO. 2:24-cr-00186-JHC-6<br><br>ORDER |

This matter comes before the Court on Defendant Alvin Whiteside's Motion for Severance of Defendants. Dkt. # 351. Defendant moves under Federal Rule of Criminal Procedure 14 to sever this action from his co-defendant, Mr. Kuyateh. *See id*. The Court has reviewed the materials filed in support of and in opposition to the motion, the rest of the record, and the governing law. For the reasons below, the Court DENIES the motion.

"Joint trials are the rule rather than the exception." *United States v. Brashier*, 548 F.2d 1315, 1324 (9th Cir. 1976); *see also United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004) ("We have previously noted that a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence

would be admissible against each of them in separate trials"), *modified*, 425 F.3d 1248 (9th Cir. 2005). The Ninth Circuit has held that in general:

> The party seeking reversal of a decision denying severance under Rule 14 has the burden of proving "clear," "manifest," or "undue" prejudice from the joint trial. Such a party must show more than that a separate trial would have given him a better chance for acquittal. He must also show violation of one of his substantive rights by reason of the joint trial. . . . In other words, the prejudice must have been of such magnitude that the defendant was denied a fair trial. Clearly, this is not an easy burden to meet.

*United States v. Hernandez*, 952 F.2d 1110, 1115 (9th Cir. 1991) (quoting *United States v. Sherlock*, 865 F.2d 1069, 1078 (9th Cir.1989)). The Ninth Circuit has further held that "[t]o be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996).

Here, Defendant is charged with one count of Conspiracy to Distribute Controlled Substances in violation to 18 U.S.C §§ 841(b)(1)(A), 841 (a)(1), 841 (b)(1)(C) and 846; one count of Possession with Intent to Distribute in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(A), and one count of Carrying a Firearm During and in Relation to a Rug Trafficking Crime in violation of 18 U.S.C. §924 (c)(1)(A)(i). *See* Dkt. # 1 at 1-2, 5. Mr. Kuyateh is charged only with conspiracy.[1] *See generally* Dkt. # 1.

Defendant seeks severance based on "antagonistic defense as well as the spill over evidence that will be introduced regarding Mr. Kuyateh actions in this matter." Dkt. # 351 at 2. But Defendant makes no showing that his defense strategy would be antagonistic to Mr. Kuyateh's defense strategy or vice- versa. *See generally* Dkt. # 351. Also, for the reasons stated

[1] At an unrelated hearing on August 25, 2026, the Government indicated that it would supersede the charges against Mr. Kuyateh. These new charges have not yet been filed.

by the Government, Defendant's general statements regarding overwhelming evidence surrounding Mr. Kuyateh does not satisfy his high burden to justify severance. *See* Dkt. # 371.

For these reasons, the Court DENIES the motion.

Dated this 25th day of August, 2026.

John H. Chun

John H. Chun
United States District Judge